IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.     )<br>)<br>JEREMY WINFIELD,   )<br>)<br>Defendant.   )<br>) | 2:20-CR-204 & 21-CR-71 |

## MEMORANDUM ORDER

Defendant Jeremy Winfield was charged with one count of conspiracy to possess with intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. § 846. ECF 3.[1] Pursuant to a Rule 11(c)(1)(C) plea agreement, Mr. Winfield pleaded guilty to a lesser included offense of that Count (reducing the quantity of fentanyl from 400 grams to 40 grams), and to an information charging him with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). ECF 520; Crim. No. 21-71, ECF 1. In that agreement, Mr. Winfield agreed that "he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission." As stipulated by Mr. Winfield and the government, the Court sentenced him to a term of imprisonment of 72 months for the conspiracy charge at Count 1 of the indictment; and sentenced him to 48 months for the firearm charge at Count 1 of the information, to be served concurrently with the conspiracy count. ECF 627.

Mr. Winfield now asks this Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) following the implementation of Amendment 821 to the United States Sentencing Guidelines. ECF 1267. He argues that the elimination of two "status points" from his criminal history score lowered his effective Guidelines range from 60

---

[1] All references to the docket refer to Criminal No. 20-204, unless otherwise stated.

to 71 months of imprisonment to 60 to 63 months of imprisonment. *Id.* at 1-2; ECF 571, ¶ 82. After carefully reviewing the motion, the Court denies it.

There are several reasons why a reduced sentence is not warranted in Mr. Winfield's case. From the start, Mr. Winfield waived the right to file his motion. That waiver was part of a bargained-for contract between Mr. Winfield and the government where he agreed to accept the terms of the plea in exchange for a lighter sentence (more on that below). *United States v. Cruz*, 95 F.4th 106, 110 (3d Cir. 2024) ("Plea bargains are contracts between prosecutors and defendants. Each side agrees to certain charges or sentence calculations and gives up its right to take other positions." (cleaned up)); *United States v. Rosa-Robles*, No. 19-380, 2024 WL 449389, at *3 (W.D. Pa. Feb. 6, 2024) (Ranjan, J.). The government is entitled to the benefit of its bargain, something the Court will not lightly upset. *United States v. Starkey*, No. 14-90, 2022 WL 5169824, at *1 (W.D. Pa. Oct. 5, 2022) (Ranjan, J.). And Mr. Winfield neither disputes that he waived his right to file this motion nor offers a basis by which to set the waiver aside. *United States v. Lewis*, No. 22-195, 2024 WL 3414245, at *5 (W.D. Pa. July 15, 2024) (Hardy, J.). In short, the Court must enforce the section 3582(c)(2) waiver and deny Mr. Winfield's motion. *Id.*

But even absent the waiver, the Court denies the motion because Mr. Winfield is not eligible for a sentencing reduction. Whether to reduce a sentence based on a retroactive amendment like Amendment 821 is a two-step process. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the Court must "determine the defendant's eligibility for a sentence modification and the extent of the reduction authorized." *United States v. Ahmad-Revis*, No. 20-204-2, 2024 WL 2785073, at *1 (W.D. Pa. May 30, 2024) (Ranjan, J.) (cleaned up). Importantly, to qualify for a reduced sentence, a defendant must show that his or her sentence was "based on" the original Guidelines range. *See Koons v. United States*, 584 U.S. 700, 704-05 (2018). After reviewing the

record, the Court concludes that Mr. Winfield's sentence was not "based on" his Guidelines range of 60 to 71 months of imprisonment.

Pursuant to the parties' binding plea agreement, the Court sentenced Mr. Winfield to 72 months of imprisonment, a term that exceeded his Guidelines range. In arguing for the Court to accept the plea agreement, counsel for Mr. Winfield stated that the 72-month term of imprisonment was "a tradeoff" because the government could have charged Mr. Winfield with violating 18 U.S.C. § 924(c) instead of section 922(g). ECF 656, 12:2-24. Had the government done so, Mr. Winfield would have faced a mandatory 60-month term of imprisonment to run consecutive to the drug charge, which would have increased his Guidelines range by 60 months. *Id.* (plea agreement "saved [Mr. Winfield] four years"); *see* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

Also, by pleading guilty via his plea agreement to a lesser-included offense at Count 1 of the indictment, Mr. Winfield avoided a ten-year mandatory minimum sentence for the original charge of conspiracy to distribute 400 grams or more of fentanyl. 21 U.S.C. § 841(b)(1); ECF 656, 14:1-9. Between that lesser charge and the avoided charge for violating section 924(c), Mr. Winfield ducked a mandatory minimum 15-year sentence.

As the Court made clear at the sentencing hearing, it was these trade-offs that formed the basis for the sentence, not the Guidelines. ECF 656, 17:12-17 (The Court "accepts the plea agreement because as your counsel noted and the government counsel noted, you could be facing a more significant amount of time here and including the 924(c) sentence, which can run consecutive, as well as if you went to trial and were convicted of Count 1, a 10-year mandatory minimum."); *see also*

*Hughes v. United States*, 584 U.S. 675, 694 n.2 (2018) (Sotomayor, J., concurring) ("[T]here may be circumstances in which the Government makes substantial concessions in entering into a Type-C agreement with a defendant—*e.g.*, by declining to pursue easily proved and weighty sentencing enhancements—such that there is a compelling case that the agreed-upon sentence in the Type-C agreement would not have been affected if the subsequently lowered Guidelines range had been in place at the relevant time. If such circumstances exist, I expect that district courts will take that into account when deciding whether, and to what extent, a Type-C sentence should be reduced under § 3582(c)(2)."); *see also United States v. Rosa-Robles*, No. 19-380, 2024 WL 1485857, at *1 (W.D. Pa. Apr. 5, 2024) (Ranjan. J.) (denying motion for sentence reduction where Type-C sentence was driven by mandatory minimum exposure). For this reason, the Court concludes that Mr. Winfield is not eligible for a sentence reduction based on Amendment 821.

Lastly, even if Mr. Winfield were eligible for a reduced sentence, his motion would still fail at the second step. "At step two, the Court must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *United States v. Fletcher*, No. 19-8-6, 2024 WL 3248830, at *3 (W.D. Pa. July 1, 2024) (Ranjan, J.) (cleaned up). And the Court concludes that the section 3553 factors counsel against reducing Mr. Winfield's sentence.

Mr. Winfield was one of 25 defendants charged with conspiracy to distribute fentanyl, and was separately charged with possessing a firearm. The 72-month sentence "accounts for the seriousness of the offenses and the gravity of the offense conduct," while also protecting the public. *United States v. Duell*, No. 15-87, 2021 WL 4805489, at *3 (W.D. Pa. Oct. 14, 2021) (Fischer, J.). The Court explained as much

at Mr. Winfield's sentencing.  ECF 656, 17:12-24.  Mr. Winfield's educational pursuits and good conduct while incarcerated are positive developments, "but the Court doesn't give them more weight than the section 3553(a) factors supporting denial of his motion."  *Fletcher*, 2024 WL 3248830, at *3.  Mr. Winfield's sentence remains "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.  18 U.S.C. § 3553(a).

*   *   *

**AND NOW**, this 29th day of August, 2024, it is hereby **ORDERED** that Mr. Winfield's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) (ECF 1267) is **DENIED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge